902 So.2d 878 (2005)
Ron HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1758.
District Court of Appeal of Florida, First District.
May 27, 2005.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal from convictions imposed for kidnapping to inflict bodily harm or to terrorize and felony battery, appellant claims that he is entitled to a new trial because the trial court erred in admitting the hearsay testimony of a deputy sheriff to whom the victim, who was unavailable for trial, excitedly uttered her claims against appellant. The circumstances under which the excited utterances were given in this case meet the third definition of testimonial hearsay as set *879 forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Therefore, admitting the hearsay violated appellant's Confrontation rights. See Lopez v. State, 888 So.2d 693, 699 (Fla. 1st DCA 2004). Although the permissible evidence of guilt was substantial, it cannot be said, beyond a reasonable doubt, that the impermissible evidence did not affect the jury's verdict. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986). Accordingly, we reverse appellant's convictions and remand for a new trial.
DAVIS, LEWIS and POLSTON, JJ., concur.